# UNITED STATES DISTRICT COURT
## for the
### District of New Mexico

| | |
|---|---|
| United States of America<br>v.<br><br>Johnathon Jacob RIOS<br><br><br>Defendant(s) | Case No. 16-MJ-2730 |

FILED
At Albuquerque NM
JUN 20 2016
MATTHEW J. DYKMAN
CLERK

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __6/17/2016__ in the county of __Bernalillo__ in the __Judicial__ District of __New Mexico__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 USC 841 (a)(1), (b)(1)(B) | Possession of more than 100 grams of Heroin With Intent to Distribute |

This criminal complaint is based on these facts:

***   SEE ATTACHED AFFIDAVIT   ***

☑ Continued on the attached sheet.

_____
Complainant's signature

Jarrell W. Perry, Special Agent DEA
Printed name and title

Sworn to before me and signed in my presence.

Date: June 18, 2016

City and state: Albuquerque, New Mexico

_____
Judge's signature

KAREN B. MOLZEN
U.S. MAGISTRATE JUDGE

**AFFIDAVIT**

On June 17, 2016, Drug Enforcement Administration (DEA) Special Agent (S/A) Jarrell W. Perry and DEA S/A Gerald Maestas were at the Greyhound Bus Station, 320 First Street, Albuquerque, New Mexico to meet the eastbound Greyhound Bus which makes a regularly scheduled stop in Albuquerque, New Mexico.

S/A Perry approached a male, later identified as Johnathon Jacob RIOS, who was standing in front of the Greyhound Bus Station. S/A Perry displayed his DEA badge to RIOS, identified himself as a police officer to RIOS, asked for and received permission to speak with RIOS. After a short conversation, S/A Perry asked for and received permission from RIOS to search his person for contraband. A consensual search of RIOS' person revealed a hard-like, rectangular shaped bundle inside of RIOS' jeans lying in his lower midsection. S/A Perry immediately knew from his experience that the hard-like, rectangular shaped bundle was consistent with other bundles of illegal narcotics that S/A Perry had observed concealed on passengers bodies in the past which contained illegal narcotics.

S/A Perry handcuffed RIOS, thus placing him under arrest. S/A Perry walked RIOS to a private area and opened up RIOS' jeans, which revealed a rectangular shaped, black taped bundle taped to the inside of RIOS' inner thigh. S/A Perry knew from his experience that the packaging and concealment method were consistent with illegal narcotics.

RIOS was transported to the Drug Enforcement Administration (DEA) Albuquerque District Office (ADO).

At the DEA ADO, the rectangular shaped, black taped bundle was removed from RIOS' inner thigh. DEA S/A David Nutley and DEA S/A Julie Olmsted cut into the bundle, which revealed a brown colored substance that field-tested positive for the presence of heroin. S/A Nutley and S/A Olmsted weighed the bundle for a total weight of

approximately 788.10 gross grams. S/A Perry knew from his experience that this amount is consistent with distribution rather than a personal use amount.

Post Miranda, RIOS said that he believed that he had cocaine taped to his leg and that he was to be paid $1,000.00 for transporting the cocaine from Phoenix, Arizona to Albuquerque, New Mexico.

This affidavit is submitted for the limited purpose of providing probable cause to support the attached criminal complaint.

_____
Jarrell W. Perry
Special Agent
Drug Enforcement Administration

_____
Chief United States Magistrate Judge